# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Case No. 11-620V
**Filed:  June 12, 2015**

* * * * * * * * * * * * *
| | | |
|---|---|---|
| DANIELLE SCHMIDT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Stipulation. |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * *

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC, for respondent.

### INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On September 28, 2011, Danielle Schmidt ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleges that she suffered aplastic anemia as a result of a Human Papillomavirus ("HPV") vaccination she received on November 7, 2009.  See Petition at Preamble.

Respondent continues to defend this case as of the date of this Decision. However, on June

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

10, 2015, the parties filed a stipulation concerning an award of interim attorneys' fees and costs. In the stipulation, respondent indicated that, "taking into consideration the specific circumstances presented in this case, respondent elects not to raise her statutory objection under Section 15(e)(1) at this time in response to this particular request for interim attorneys' fees and costs." Stipulation at ¶ 4. Accordingly, based on the circumstances of this case, respondent does not object to an award of interim attorneys' fees and costs in the amount of $47,000.00. Id. at ¶ 5. In accordance with General Order #9, petitioner represents that she did not personally incur any costs in pursuit of her claim to date. Id. at ¶ 3.

An award of interim attorneys' fees and costs are appropriate under the Vaccine Act. See 42 U.S.C. § 300 aa-15(e); see also *Faoro v. Sec'y of Health and Human Servs.*, No. 10-704, 2014 WL 5654330 (Fed. Cl. Spec. Mstr. Oct. 15, 2015). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs.

Accordingly, an award should be made as follows:

1) **in the form of a check jointly payable to petitioner and to petitioner's attorney, Mark T. Sadaka, of the law firm Mark T. Sadaka, LLC, in the amount of $47,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   IT IS SO ORDERED.

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.