# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  January 4, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DANIELLE SCHMIDT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 11-620v |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reduction for Travel Time; Reduction |
| | * | for Alcoholic Beverages |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING FEES AND COSTS[1]

On August 22, 2016, the undersigned issued a decision based on the parties' stipulation. Decision dated August 22, 2016 (ECF No. 139).  On December 8, 2016, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion ("Pet'r's Mot.") (ECF No. 142).

Petitioner requests petitioner's costs in the amount of $6,640.63 and attorneys' fees and costs in the amount of $84,258.04.  Pet'r's Mot. at 2; Pet'r's General Order #9 Statement ("Pet'r's Statement") (ECF No. 145); Pet'r's Second Reply (ECF No. 148).  For the reasons set forth below, the undersigned awards petitioner's costs in the amount of $6,625.43 and attorneys' fees and costs in the amount of $80,626.73.

## I.     Procedural History

On September 28, 2011, Danielle Schmidt ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to 34 (2012).  Petitioner

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleged that as a result of receiving a human papillomavirus ("HPV") vaccine on November 7, 2008, she developed a reactivated Epstein-Barr virus infection and aplastic anemia. Stipulation at ¶ 4. Petitioner further alleged that she has experienced the residual effects of this injury for more than six months. Id. Petitioner filed two expert reports from Dr. David Rosenstreich. Pet'r's. Ex. 9 (dated March 4, 2013, ECF No. 28); Pet'r Ex. 39 (dated Feb. 24, 2014, ECF No. 62). She also filed an expert report from Dr. Jeffrey Gordon. Pet'r Ex. 44 (dated Dec. 29, 2014, ECF No. 77). On June 12, 2015, the undersigned issued a decision awarding interim attorneys' fees and costs through May 1, 2015, based on the parties' stipulation. Decision (ECF No. 80).

A factual hearing was held in Washington, D.C. on August 25, 2015. A mediation took place in Portland, Oregon in April 2016. On August 22, 2016, the undersigned issued a decision based on the parties' stipulation and awarded petitioner compensation in the amount of $70,000.00. Decision dated August 22, 2016 (ECF No. 139).

On December 8, 2016, petitioner filed a motion for fees and costs from May 1, 2015 to the conclusion of the case. Petitioner's Motion ("Pet'r's Mot.") (ECF No. 142). Petitioner asked to be reimbursed for out-of-pocket expenses incurred while prosecuting this claim. The original application requested petitioner's costs totaling $8,900.17. Pet'r's Mot., Ex. C. On December 29, 2016, petitioner filed a signed statement in accordance with General Order No. 9. Pet'r's Statement (ECF No. 145). This statement indicates that petitioner did not pay a retainer for legal services. Id. It includes an itemized list of petitioner's costs, which omits some of the costs originally requested and comes to the lower total of $6,640.43. Id. On December 30, 2017, petitioner filed a reply explaining that she excluded the costs of traveling to New York in advance of the entitlement hearing in Washington, D.C., and revised the costs of dog boarding and airfare. Pet'r's First Reply (ECF No. 147).

Petitioner originally requested attorneys' fees of $67,447.92 and attorneys' costs of $17,235.36, totaling $84,683.28. Pet'r's Mot., Ex. A at 26, 28. On December 30, 2017, petitioner filed a second reply clarifying his counsel's costs to attend the entitlement hearing, and withdrawing his request to be reimbursed for certain food and parking totaling $425.24. Pet'r's Second Reply (ECF No. 148). Accordingly, petitioner's final request is for attorneys' fees of $67,447.92 and attorneys' costs of $16,810.12, for total attorneys' fees and costs of $84,258.04.

On December 27, 2016, respondent filed a brief response. Respondent's Response ("Resp's. Resp.") (ECF No. 143). She did not object to the application or suggest an appropriate range of fees. She respectfully recommended that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs. Id. at 3. This matter is now ripe for adjudication.

## II.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner was awarded compensation pursuant to a stipulation and therefore she is entitled to an award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### i.  Hourly Rates

Under the Vaccine Act, a reasonable hourly rate is the "prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparably skill, experience, and reputation."  Id. at 1347.  The recent decision in McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293v, 2015 WL 5634323 at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Special Master Gowen also found that it was appropriate to increase an attorney's hourly rate each year by 3.7%, to account for inflation.  Id. at *16.

In the present case, petitioner's counsel, Mr. Mark Sadaka, requests $350.00 per hour for work performed in 2015 and $362.92 for work performed in 2016.  Pet'r's Mot., Ex. A at 26.  His associate, Ms. Anna Sweeney, requests $200.00 per hour for work performed in 2015.  Id.  It is requested that Mr. Sadaka's paralegals receive $135.00 per hour for work performed in 2015 and $140.00 per hour for work performed in 2016.  Id.  Mr. Sadaka has filed a "Certification in Support of Attorneys' Fees and Costs," which tends to show that each paralegal is "certified" or otherwise qualified to work as a paralegal.  Pet'r's Mot. at 5.[3]  These rates are consistent with McCulloch and with past fee awards to Mr. Sadaka's firm.  See, e.g., Berenji v. Sec'y of Health & Human Servs., No. 14-699v, 2016 WL 6818883 (Fed. Cl. Spec. Mstr. Oct. 21, 2016); Shell v. Sec'y of Health & Human Servs., No. 13-692v, 2016 WL 6081829 (Fed. Cl. Spec. Mstr. Sep. 21, 2016).  Accordingly, the undersigned will award the requested rates and will not make any adjustments.

### ii.  Total Hours Expended

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed.

---

[3] Ms. Keri L. Congiusti is a nurse paralegal.  Ms. Latashia Vauss, Mr. Nicole R. Clauberg, Ms. Nashwa Shalaby, and Ms. Stephanie Keller have paralegal certificates.  Ms. Ailona Parker has a bachelor's of science degree.  Finally, Ms. Melina Fotiu is a "registered non-attorney advocate Social Security disability."  Pet'r's Mot. at 5.

Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

The undersigned has reviewed the billing records submitted with petitioner's request.  Mr. Sadaka billed 8.1 hours at his regular hourly rate for travel to and from the entitlement hearing in August 2015.  Pet'r's Mot., Ex. A at 9.  Similarly, Mr. Sadaka billed 12.2 hours for travel to and from the mediation in April 2016.  Id. at 23.  These entries amount to billing of $7,262.62.  The undersigned reduces these hours by 50%.  See, e.g., Hocraffer v. Sec'y of Health & Human Servs., No. 99-533v, 2011 EL 3706153 at *24 (noting that "Special Masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program").  This results in a reduction of $3,631.31.  Otherwise, the hours billed appear reasonable and they will not be reduced.

### b.  Reasonable Costs

The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch, 2015 WL 5634323 at *5 (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

Petitioner states that she personally incurred $6,640.43 in costs.  Pet'r's Statement.  These include video production costs of $2,824.50.  Id.; Pet'r's Mot. at 2.  These also include reimbursement for transportation, accommodations, and food while attending the entitlement hearing in Washington, D.C. on August 25, 2015 and the mediation in Portland, Oregon in April 2016.  The undersigned notes that petitioner's receipt for dinner on August 25, 2015, includes two draft beers, amounting to $11.50 before tax and tip. The Vaccine Program does not reimburse for alcoholic beverages.  Accordingly, the cost of these beverages and the estimated tax and tip, amounting to $15.00, will be deducted.

Petitioner requests attorneys' costs of $16,810.12.  Pet'r's Mot., Ex. A at 26-28; Pet'r's Second Reply.[4]  These include travel expenses related to the entitlement hearing and the mediation; photocopies; postage; court reporter fees, expert fees charged by Dr. Jeffrey Gordon and Dr. David Rosenstreich; and 50% of the mediation fee charged by Mr. Gary Golkiewicz.  Pet'r's Mot., Ex. A at 26-28.  The undersigned finds that the requested costs are reasonable and no adjustments will be made.

---

[4] Petitioner originally requested attorney's costs of $17,235.36.  Pet'r's Mot., Ex. A at 28.  Petitioner then filed a reply that withdrew the request to be reimbursed for certain food and parking associated with attending the entitlement hearing in August 2015, totaling $425.24.  Pet'r's Second Reply.  After these costs are subtracted, petitioner's request for attorneys' costs comes to $16,810.12.

### III.     Conclusion

Based on all of the above, the undersigned finds that that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested petitioner's costs: | $6,640.43 |
| -   Deduction for alcoholic beverages: | - 15.00 |
| **Total Petitioner's Costs Awarded:** | **$6.625.43** |
| | |
| Requested attorneys' fees: | $67,447.92 |
| -   50% deduction for travel time: | - $3,631.31 |
| Attorneys' fees awarded: | $63,816.61 |
| | |
| Attorneys' costs awarded: | $16,810.12 |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$80,626.73** |

**Accordingly, the amount of $6.625.43, representing reimbursement for reimbursable expenses, should be awarded in the form of a check payable to petitioner, Danielle Schmidt.**

**The amount of $80,626.73, representing reimbursement for reasonable attorneys' fees and costs, should be awarded in the form of a check payable jointly to petitioner, Danielle Schmidt, and petitioner's attorney, Mark Sadaka of Mark Sadaka, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ **Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.